UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ANDRE TWYNE, SHA'LENA ELIZABETHANN ELLIS,<br><br>Plaintiffs,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Case No.:  25-cv-1649-BJC-AHG<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT and DENYING MOTION TO REMAND [ECF NO. 13]** |

Plaintiff Sha'lena Elizabethann Ellis ("Plaintiff") brings this action on behalf of her minor child Shawn Andre Twyne against the Social Security Administration ("Defendant"), seeking retroactive benefits.  ECF No. 1. On October 30, 2025, the Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP") under 28 U.S.C. § 1915, (ECF No. 2), and denied the complaint for failure to state a claim.  ECF No. 10.  The Court further denied Plaintiff's Request for Appointment of Counsel Under Federal Rule of Civil Procedure 17(c).  *Id.*

On November 12, 2025, Plaintiff filed a First Amended Complaint along with a Motion to Remand to Social Security Administration.  ECF Nos. 12, 13.

//

*I.     Discussion*

   *A. Screening under 28 U.S.C. 1915(e)*

Every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to a mandatory screening by the Court under Section 1915(e)(2)(B). *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)(en banc)(overruled on other grounds in *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014). Under that sub-provision, the Court must dismiss complaints that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Social Security appeals are not exempt from this screening requirement. *See Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits [under 42 U.S.C. 405(g)]."); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (affirming that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez*, 203 F.3d at 1129.

Rule 2 of the Federal Rules of Civil Procedure's Supplemental Rules of Social Security Actions sets forth the requirements for a complaint in an action appealing the decision of the Commissioner. Fed. R. Civ. P., Supplemental R. 2 of Soc. Sec. Actions under 42 U.S.C. § 405(g) (effective Dec. 1, 2022) (The complaint must "(A) state that the action is brought under § 405(g); (B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision; (C) state the name and the county of residence of the person for whom benefits are claimed; (D) name the person on whose wage record benefits are claimed; and (E) state the type of benefits claimed." The complaint may "include a short and plain statement of the grounds for relief."). In the IFP screening context, however, "[t]he plaintiff must provide a statement identifying the basis of the plaintiff's disagreement with the ALJ's determination and must make a showing that he is entitled to relief, 'in sufficient detail such that the Court can understand the legal and/or factual issues in dispute so that it can meaningfully screen

the complaint pursuant to § 1915(e).'" *Jaime B. v. Saul*, No. 19cv2431-JLB, 2020 WL 1169671, at *2 (S.D. Cal. Mar. 10, 2020) (quoting *Graves v. Colvin*, No. 15cv106-RFB-NJK, 2015 WL 357121, at *2 (D. Nev. Jan. 26, 2015)). "The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2.

Plaintiff has remedied the pleading deficiencies outlined in the Court's order dismissing the original complaint. Unlike the original Complaint, the First Amended Complaint alleges that this Court has jurisdiction and asserts claims under Section 405(g) that identify the final decision being challenged, and states the name and county of person for whom benefits are being claimed as required. Fed. R. Civ. P., Supplemental R. 2 of Soc. Sec. Actions under 42 U.S.C. § 405(g); *Jaime B.*, No. 19cv2431-JLB, 2020 WL 1169671, at *2.   Plaintiff requests that this Court (1) vacate the ALJ's Dismissal Order dated July 25, 2024; (2) reverse and remand the Social Security Administration's ("SSA") decision to dismiss the child's disability claim based on procedural error, (3) direct the SSA to reopen and reinstate the minor child's disability claim under Plaintiff's earning record, (4) order retroactive reinstatement of benefits from July 2024 to the present, (5) require the SSA to provide a new hearing, and (6) direct SSA to review and correct the erroneous Overpayment Determination dated February 11, 2025.  ECF No. 12 at 4.

However, Plaintiff Sha'lena Ellis is the mother of Plaintiff Shawn Andre Twyne, and she cannot represent Shawn in this action, as the Court held in its prior order dismissing the Complaint. The Ninth Circuit has made clear that "'a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.'" *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). Under Federal Rule of Civil Procedure 17(c), a representative may sue or defend on behalf of a minor, including a general guardian.  Fed.R.Civ.P. 17(c)(1).  Additionally, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action."  Fed.R.Civ.P.

17(c)(2).

Plaintiff previously requested that the Court appoint counsel for her to pursue this action, but the allegations in the original Complaint were insufficient to demonstrate a likelihood of success on the merits, and the Court was unable to determine the legal complexity of the claims due to the lack of detail in the allegations. Therefore, the Court denied Plaintiff's request for appointment of counsel. However, Plaintiff has now filed a First Amended Complaint that is more comprehensive than the original complaint.

As previously noted, "[a] district court has the power to secure counsel for indigent plaintiffs under 28 U.S.C. § 1915(d) (1982), which provides: "The court may request an attorney to represent any such person [proceeding in forma pauperis] unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *U.S. v. 30.64 Acres of Land*, 795 F.2d 796, 798 (9th Cir 1986). A district court will secure counsel for an indigent civil litigant under section 1915(d) only under "exceptional circumstances," making grants of motions to appoint counsel relatively rare. *Id.,* citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir.1980). To determine whether exceptional circumstances exist, a court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983).

Here, Plaintiff Sha'lena Ellis cannot proceed unless she hires counsel or has counsel appointed by the Court to represent her son, Plaintiff Shawn Andre Twyne.  Therefore, the First Amended Complaint is dismissed with leave to amend.

**B.** *Motion to Remand*

Plaintiff Sha'lena Ellis filed a motion in which she requests that the Court remand the action to the SSA.  ECF No. 13.  In the Motion, Plaintiff requests that the Court (1) find good cause for any alleged failure to appear at the June 11, 2024 hearing, (2) remand the matter for a new hearing with proper notice, (3) order the SSA to review all evidence dated after 2022 and (4) compel production of the full administration record to ensure fair

4

25-cv-1649-BJC-AHG

adjudication of Plaintiff's disability claim. *Id.* at 1.

A remand to SSA is premature at this time because the First Amended Complaint is dismissed due to Plaintiff's lack of representation by counsel. Accordingly, the Court **DENIES** the Motion to Remand as premature.

## II. Conclusion

For the reasons stated above, the First Amended Complaint is **DISMISSED without prejudice and with leave to amend**. Plaintiff may file an amended complaint along with a Motion for Appointment of Counsel, or if she obtains counsel, the attorney should file a notice of appearance, **no later than June 8, 2026.** Plaintiff's Motion to Remand is **DENIED** as premature.

**IT IS SO ORDERED.**

Dated:  May 6, 2026

Honorable Benjamin J. Cheeks
United States District Judge

25-cv-1649-BJC-AHG